UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAVON HUMPHREY,

    Defendant.
                                     /

Case No. 2:15-cr-20329-3

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [296]**

Defendant Ravon Humphrey moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 296, PgID 1582. Defendant offers several reasons why he is entitled to a reduced sentence including his hypertension, body mass index ("BMI") in the obese range, and asthma. *Id.* at 1586–90. The Government responded that Defendant's conditions were not extraordinary or compelling to warrant a reduction in his sentence. ECF 301. For the following reasons, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). It is Defendant's

1

burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). And, most importantly, a defendant fails to exhaust his administrative remedies when "the factual basis in the administrative request and the motion before the [C]ourt are different." *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020).

Because the Government concedes Defendant has exhausted his request for compassionate release based on his health, ECF 301, PgID 1627, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own

2

initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claimed "extraordinary and compelling reasons" are not persuasive for three reasons:

First, there is no evidence in the record to support Defendant's claims of asthma. ECF 304-1, PgID 1641 (under seal). There is no evidence in the record to support a diagnosis or treatment of that condition. *Id.* (under seal). And although Defendant has a history of hypertension, it is being managed. *Id.* at 1671 (under seal).

Next, there is nothing uncommon about the risks that Defendant faces to serious illness because of his obesity. Indeed, "[o]besity and overweight are common conditions; 42% of American adults are obese and 32% are overweight." *United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *2 (E.D. Mich. Nov. 9, 2020)

3

(Cleland, J.) (collecting sources). Obesity is not a compelling reason to warrant compassionate release because "[w]ith monitoring and effective lifestyle changes, high [BMI] can be improved, if not fully treated." *Id.* (collecting sources). All told, the Court is confident that Defendant can take proactive steps to monitor and reduce his BMI. Because of that, Defendant's high BMI does not warrant compassionate release.

Finally, the Court is not persuaded that Defendant is concerned about the actual health risks from re-contracting COVID-19. Defendant can reduce his small chance of infection even more through vaccination. *See United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). But Defendant declined to receive the COVID-19 vaccine. ECF 304-1, PgID 1697 (under seal). Courts in the Eastern District of Michigan routinely "refuse[] to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine." *Toney*, 2021 WL 1175410, at *1; *see, e.g.*, *United States v. Austin,* No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (Cleland, J.). The finding is even more straightforward here because Defendant moved for compassionate release *after* he refused the COVID-19 vaccine. ECF 296, PgID 1599 (moving for compassionate release on April 13, 2021); ECF 304-1, PgID 1697 (refusal to receive the vaccine on February 18, 2021 and February 26, 2021) (under seal). Altogether, even if there were good reasons to refuse a COVID-19 vaccine, Defendant never explained why he did so. In sum, the Court will deny compassionate release because no extraordinary or compelling reasons warrant Defendant's release.

4

5

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [296] is **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager

5